**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6618**

FREDERICK BANKS, next friend thereto,

Petitioner - Appellant,

and

FAITH HODGEPATH, an Indian and former student at University of North Carolina at Chapel Hill; HENRY JAMES MASON; R. KELLY; THOUSANDS OF FEMALE HUMAN TRAFFICKING VICTIMS & SEXUAL VIOLENCE VICTIMS, detained at over 9,000 massage parlors in Charlotte, NC, Atlanta, Sudan Africa & beyond; GLEN JONES, Pinaca, NV home and car bomber; SIX HIGH SCHOOLERS, in Gary, Indiana,

Petitioners,

v.

REPUBLIC OF SUDAN; RAPID SUPPORT FORCES, (R. S. F.); UNIVERSITY OF NORTH CAROLINA; STATE OF GEORGIA; CHAPEL HILL POLICE DEPARTMENT; UNITED STATES ATTORNEY; FBI; FNU LNU, Warden, Henry County Jail; CENTRAL INTELLIGENCE AGENCY; MAYA ENERGY; JIMMY VENTURA; COKE INDUSTRIES; KINGMOND NEVADA POLICE DEPARTMENT,

Respondents - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:19-cv-00417-FDW)

Submitted: September 24, 2020                    Decided: October 14, 2020

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

---

Vacated and remanded in part, affirmed in part by unpublished per curiam opinion.

---

Frederick Banks, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Banks, a federal prisoner, appeals the district court's order denying his "Petition for a Writ of Habeas Corpus Under 28 U.S.C. §§ 2241, 2242, 18 U.S.C. § 3332, and 50 U.S.C. § 1806(f) to Disclose FISA Electronic Surveillance." We first turn to the portion of Banks' petition seeking relief under § 2241. The district court based its denial of § 2241 relief on the mistaken impression that Banks was a state pretrial detainee. In fact, at the time Banks filed his petition, he was a federal pretrial detainee confined and awaiting trial in the Western District of Pennsylvania.[*] Jurisdiction over a § 2241 petition "lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). We therefore vacate the district court's order in part and remand to the district court with instructions to dismiss the § 2241 petition for lack of subject matter jurisdiction. As for the remainder of Banks' claims, we affirm the district court's order in all other respects on the reasoning of the district court. *Banks v. Republic of Sudan*, No. 3:19-cv-00417-FDW (W.D.N.C. Apr. 14, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART,*
*AFFIRMED IN PART*

---

[*] Banks was subsequently convicted of wire fraud and aggravated identity theft.